IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK KRAUSE,** | : | |
|    **Plaintiff** | : | |
| | : | No. 1:21-cv-1182 |
|    v. | : | |
| | : | (Judge Rambo) |
| **PRIME CARE MEDICAL,** | : | |
|    **Defendant** | : | |

## MEMORANDUM

On July 6, 2021, *pro se* Plaintiff Mark Krause ("Krause"), who is currently incarcerated at the State Correctional Institution Smithfield ("SCI Smithfield") in Huntingdon, Pennsylvania, initiated the above-captioned action by filing a complaint pursuant to 42 U.S.C. § 1983 against Prime Care Medical. (Doc. No. 1.) Plaintiff has both filed a motion for leave to proceed *in forma pauperis* (Doc. No. 4) and paid the full filing fee. Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court will perform its mandatory screening of the complaint. For the reasons set forth below, the Court will deny as moot Plaintiff's motion for leave to proceed *in forma pauperis* and dismiss his complaint.

---

[1] *See* The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

I.  **BACKGROUND**

Plaintiff initiated this matter while still incarcerated at the Schuylkill County Jail in Pottsville, Pennsylvania.[2] (Doc. No. 1 at 1.)  Plaintiff indicates that he is "requesting a routine check up to prevent another bout of cancer." (*Id.* at 1.)  He avers that he has been diagnosed with Lynch disease, a medical condition "that turns into a development of cancerous ailments." (*Id.*)  As relief, Plaintiff requests a "life sustaining routine checkup." (*Id.*)  Based on the foregoing, the Court construes Plaintiff's complaint to assert violations of his Eighth Amendment rights.

II.  **LEGAL STANDARD**

   A.  **Screening and Dismissal of Prisoner Complaints**

Although Plaintiff paid the filing fee in full, the Court has the authority to screen his complaint pursuant to 28 U.S.C. § 1915A.  *See Shane v. Fauver*, 213 F.3d 113, 116 n.2 (3d Cir. 2000) (recognizing that the district courts have the authority to screen a prisoner complaint pursuant to § 1915A(b)(1) even if the prisoner is not proceeding *in forma pauperis*).  Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from

---

[2] Plaintiff's sister, Jane Krause, submitted the complaint on Plaintiff's behalf.  Plaintiff indicates that his sister has power of attorney for him.  (Doc. No. 1 at 2.)  To the extent Plaintiff seeks to have his sister represent him, "a power of attorney is insufficient by itself to allow a non-lawyer to litigate on behalf of another." *Yoder v. Dist. Att'y Montgomery Cty.*, 790 F. App'x 478, 481 (3d Cir. 2019).  The Court, therefore, will direct the Clerk of Court to amend the docket to reflect Plaintiff's current place of incarceration as his address, rather than his sister's address in Camp Hill, Pennsylvania.

a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. § 1915A(a). If a complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," the Court must dismiss the complaint. *See* 28 U.S.C. § 1915A(b)(1). A complaint is frivolous if it lacks an arguable basis either in law or fact. *See Mitchell v. Horn*, 381 F.3d 523, 530 (3d Cir. 2003) (citing *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989)). When deciding whether a complaint fails to state a claim on which relief may be granted, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g.*, *Smithson v. Koons*, No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)").

To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that

3

the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the Court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. *See id.* at 679; *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). However, the Court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of *pro se* prisoner litigation, a district court must be mindful that a document filed *pro se* is

"to be liberally construed." *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (quoting *Estelle*, 429 U.S. at 106).

### B. Claims Filed Pursuant to 42 U.S.C. § 1983

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. *See* 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Id.* "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." *See Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States.

*See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

## III. DISCUSSION

### A. Plaintiff's Complaint

As noted *supra*, Plaintiff has named Prime Care Medical, a private corporation, as the sole Defendant in this matter. However, under § 1983, "a private corporation, such as Prime Care, contracted to provide healthcare for inmates cannot be held liable pursuant to *respondeat superior*; instead, a plaintiff must allege that the entity had a policy, practice, or custom that caused his or her injury." *See Ashford v. Prime Care Med. Grp.*, Nos. 1:20-cv-1212, 1:20-cv-1213, 2020 WL 5439557, at *4 (M.D. Pa. Sept. 10, 2010) (citing *Shade v. Stanish*, No. 1:19-cv-1429, 2020 WL 869748, at *7 (M.D. Pa. Feb. 21, 2020); *Carpenter v. Kloptoski*, No. 1:08-cv-2233, 2010 WL 891825, at *8 (M.D. Pa. Mar. 10, 2010)). Here, Plaintiff fails to allege any facts suggesting that the alleged deficiencies in his medical care while at Schuylkill County Jail were the result of Prime Care's policies, customs, or practices.

Plaintiff also only seeks injunctive relief in the form of a "life sustaining routine checkup." (Doc. No. 1 at 1.) As noted *supra*, however, Plaintiff is now incarcerated at SCI Smithfield and is no longer at the Schuylkill County Jail. Plaintiff's claims for injunctive relief are, therefore, moot, as no Prime Care officials

6

at the Schuylkill County Jail remain responsible for his medical care. *See Lanza v. Moclock*, 842 F. App'x 714, 717 (3d Cir. 2021); *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) (noting that "[a]n inmate's transfer from the facility complained of generally moots the equitable and declaratory claims").

### B.     Leave to Amend

Courts are cautioned that because of the liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* The Court must also determine that a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002). Based on the foregoing discussion, the Court concludes that it would be futile to grant Plaintiff leave to file an amended complaint.

## IV.  CONCLUSION

For the foregoing reasons, the Court will deny as moot Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 4) and dismiss his complaint (Doc. No. 1) for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(A)(b)(1).  Plaintiff will not be granted leave to file an amended complaint.  An appropriate Order follows.

s/ Sylvia H. Rambo  
United States District Judge

Dated: August 3, 2021